UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS GUY ERDMAN,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS,

    Defendant.
    _____/

Case No. 09-10136

Honorable Nancy G. Edmunds

**ORDER DISMISSING PLAINTIFF'S COMPLAINT AGAINST THE MICHIGAN DEPARTMENT OF CORRECTIONS**

This matter comes before the Court on Plaintiff's filing of a complaint against the Michigan Department of Corrections asserting claims under 42 U.S.C. § 1983 and alleging violations of his federal constitutional right to due process and prohibition against the infliction of cruel and unusual punishment. This Court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). Specifically, the district court is obligated to dismiss a civil complaint if it is "frivolous . . .; fails to state a claim on which relief may be granted;" or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B). Because Plaintiff's complaint seeks monetary relief against a defendant who is immune from such relief, it is DISMISSED.

Plaintiff Dennis Guy Erdman is a frequent litigant, both in federal and state court. A Westlaw search of his name reveals 48 entries from 1993 to the present. As the Sixth Circuit recently observed:

> Erdman is a frequent litigant whose numerous attempts to persuade the courts to overturn his conviction for manslaughter have been unsuccessful. His attempts have been so numerous that this court has issued an order prohibiting Erdman from filing any document in the federal district courts or in this court challenging his convictions and sentences. *In re Erdman*, No. 02-1529 (6th Cir. Sept. 12, 2002).

*Erdman v. Robinson*, 115 Fed. App'x 778, 780 (6th Cir. 2004).[1]

Plaintiff is currently out of prison and residing in Texas. His most recent complaint alleges § 1983 claims for constitutional violations against the Michigan Department of Corrections. These claims are barred by the Eleventh Amendment. "In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment." *Cherry v. Palmer*, No. 1:08-cv-925, 2008 WL 4832994, * 1 (W.D. Mich. Nov. 5, 2008) (citing cases). "In addition, . . . the State of Michigan, a prison [or] a state corrections department is not a 'person' who may be sued under § 1983 for money damages." *Cherry*, 2008 WL 4832994 at *1.

For the foregoing reasons, Plaintiff's complaint is DISMISSED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: January 15, 2009

---

[1] For example, in 2000, the Sixth Circuit affirmed a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983 that challenged the length and duration of his state sentence. *See Erdman v. State of Michigan*, No. 98-2366, 2000 WL 302691, * 1 (6th Cir. Mar. 17, 2000) (observing that "the district court properly dismissed the complaint for lack of subject matter jurisdiction" because it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)).

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 15, 2009, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager